UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JASON BOULDIN,
an individual,

    Plaintiff,

vs.                                                                          CASE NO.:

PEMBROKE PINES
MANAGEMENT, INC.,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

    Plaintiff, JASON BOULDIN, by and through his undersigned counsel, hereby files this Complaint and sues PEMBROKE PINES MANAGEMENT, INC., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

    2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

    3.    Plaintiff, JASON BOULDIN, (hereinafter referred to as "Mr. Bouldin" or Plaintiff) is a resident of the state of Florida in Broward County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from Osteoarthritis. Additionally, Plaintiff suffered numerous accidents including a tibial plateau fracture of the left leg in a 2008 car accident and a workplace injury to his right kneecap in 2012 which required arthroscopic surgery. As a result of these and other conditions, he is permanently disabled.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6. Defendant PEMBROKE PINES MANAGEMENT, INC., (hereinafter referred to as "Defendant") is a Florida Corporation, registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: the "Property" generally located at 6741-6805 Pembroke Road, Pembroke Pines, FL 33023 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida, Broward County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza which is open to the public, is consequently a place of public accommodation subject to the ADA.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

2

10. Plaintiff resides approximately fifteen (15) minutes drive from the Property and has visited the Property discussed herein several times over the last year. His last visit occurred in early April 2021. Plaintiff plans to visit the Property again in the near future because it is conveniently located and carries fresh products.

11. During his visits however, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

    A. Plaintiff encountered inaccessible parking spaces designated for disabled use due to slopes in excess of 1:48 near the Bravo Supermarket entrance. Additionally, the access aisle to one of the disabled use parking spaces near the Bravo entrance is obstructed by outdoor merchandise displays which render it unusable. This made it more difficult and dangerous for Plaintiff to park his vehicle at the Property.

   B. Plaintiff also encountered inaccessible parking spaces designated for disabled use throughout the Property due to pavement which is severely degraded resulting in vertical lips and potholes resulting in tripping hazards for the Plaintiff.

   C. Plaintiff encountered inaccessible curb ramps throughout the Property due to excessively steep slopes, disrepair and a failure to provide smooth transitions at the bottom of the ramps. This caused Plaintiff increased risk of a fall while maneuvering over these barriers.

   D. Plaintiff encountered inaccessible sidewalks throughout the Property, specifically near Bravo Supermarket due to pavement in disrepair and large manhole covers which are not flush with the rest of the sidewalk. This caused a tripping/falling hazard to Plaintiff as he attempted to maneuver to the store entrances from the disabled use parking area.

   E. Plaintiff encountered inaccessible elements in the men's restroom at the Bravo Supermarket due to a very high mirror above the sink, lack of pipe insulation around the pipes under the sink and a toilet flush handle located on the narrow side of the toilet where it cannot be easily accessed. These issues made the restroom more difficult for Plaintiff to use.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

- A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;
- B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;
- C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;
- D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and
- E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: April 6, 2021

        Respectfully Submitted,

        KU & MUSSMAN, P.A.
        18501 Pines Blvd, Suite 209-A
        Pembroke Pines, Florida 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976
        louis@kumussman.com

        By: */s/ Louis I. Mussman*
        Louis I. Mussman, Esq.
        (FL Bar #: 597155)
        Brian T. Ku, Esq.
        (FL Bar # 610461)